UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZIMMER M/L TAPER HIP PROSTHESIS OR
M/L TAPER HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND VERSYS FEMORAL HEAD
PRODUCTS LIABILITY LITIGATION                MDL No. 2859

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiff in the District of Nevada action listed on the attached Schedule A (*Trujillo*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 2859. Defendants Zimmer US, Inc., Synvasive Technology, Inc., Biomet Orthopedics, LLC, and Biomet, Inc., oppose the motion to vacate.

After considering the argument of counsel, we find that the *Trujillo* action involves common questions of fact with actions transferred to MDL No. 2859, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual issues concerning the Zimmer M/L Taper Hip Prosthesis (M/LTaper) or the Zimmer M/LTaper Hip Prosthesis with Kinectiv Technology(Kinectiv) when either is paired with the VerSys Hip System Femoral Head (VerSys Head). *See In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Prods. Liab. Litig.*, 340 F. Supp. 3d 1379, 1380 (J.P.M.L. 2018). These issues arise from allegations " that the interaction (junction) between the titanium alloy M/LTaper or Kinectiv and the cobalt-chromium alloy VerSys Head can result in trunnionosis (wear of the femoral head-neck interface), corrosion, and release of metal debris, which can lead to the implanted patient suffering metallosis, adverse local tissue reaction, loss of bone tissue (osteolysis), or other injury, and requiring revision surgery." *Id.* The *Trujillo* action implicates those same issues. *See, e.g., Trujillo* Compl. ¶¶ 14-15 (alleging that because of cobalt poisoning, plaintiff's Zimmer hip implant was removed and replaced, and that the high level of cobalt poisoning caused plaintiff to develop metallosis).

In her motion to vacate, the *Trujillo* plaintiff argues that transfer would inconvenience her and delay the progress of her action. These arguments are not persuasive. The Panel considers the convenience of the parties and witnesses as a whole in deciding the issue of transfer. *See In re Watson Fentanyl Patch Prods Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[I]n deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and

---

[*] Judge David C. Norton took no part in the decision of this matter.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY Shanite Jones
Deputy Clerk

- 2 -

witnesses, not just th[at] of a single plaintiff or defendant in isolation."). Further, the record shows that the MDL is steadily progressing under the transferee judge's active management.

Plaintiff also argues that MDLs generally favor defendants,[1] and result in actions being settled for smaller amounts than if the cases were litigated individually. Section 1407 transfer, however, is for pretrial purposes only, and does not force a plaintiff to settle on terms she deems unfavorable. If *Trujillo* is not resolved, via settlement or otherwise, in the transferee court, it will be remanded to the District of Nevada for trial.

IT IS THEREFORE ORDERED that the *Trujillo* action is transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Paul A. Crotty for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle R. David Proctor
Catherine D. Perry Nathaniel M. Gorton
Matthew F. Kennelly

---

[1] We note that this MDL was created on the motion of two plaintiffs, and that the Zimmer defendants opposed centralization.

**IN RE: ZIMMER M/L TAPER HIP PROSTHESIS OR
M/L TAPER HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND VERSYS FEMORAL HEAD
PRODUCTS LIABILITY LITIGATION**  MDL No. 2859

## SCHEDULE A

<u>District of Nevada</u>

TRUJILLO v. ZIMMER US, INC., ET AL, C.A. No. 3:19-00056